IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| FRANK DeLUCA, | ) | |
| | ) | |
| Plaintiff | ) | CIVIL ACTION No. |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF PITTSBURGH, | ) | JURY TRIAL DEMANDED |
| BRIAN BURGUNDER, | ) | |
| DAVID HONICK, and | ) | |
| DAVID LINCOLN, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

AND NOW, comes the Plaintiff, Frank DeLuca, and by his
attorney, James E. DePasquale, Esquire, brings this Complaint
against the Defendants, City of Pittsburgh, Brian Burgunder,
David Honick, and David Lincoln, upon cause as follows.

## The Parties

1. Frank Deluca, hereinafter "Plaintiff", is an individual
who resides at 846 Kennebec Street, Pittsburgh, Allegheny
County, Pennsylvania 15217.

2. City of Pittsburgh, hereinafter "Defendant City", is a
Pennsylvania City of the Second Class with principal offices

1

located at Fifth Floor, City- County Building, 436 Grant Street, Pittsburgh, Allegheny County, Pennsylvania 15219.

3. Brian Burgunder, hereinafter "Defendant Burgunder", is an individual who resides in Allegheny County, Pennsylvania.

4. David Honick, hereinafter "Defendant Honick", is an individual who resides in Allegheny County, Pennsylvania.

5. David Lincoln, hereinafter "Defendant Lincoln", is an individual who resides in Allegheny County, Pennsylvania.

6. On October 11 and 12, 2018, Defendants Burgunder, Honick, and Lincoln were all employed by Defendant City as police officers.

## Jurisdiction

7. Jurisdiction to have these claims, which allege inter alia deprivation of Plaintiff's rights by Defendants under color of state law, heard in the United States District Court is bottomed on 28 U.S.C.§1343 (a)(3).

## Short Statement

8. On October 12, 2018, while acting within the course and scope of their employment as Defendant City police officers, Defendants Burgunder, Honick, and Lincoln subjected Plaintiff to false imprisonment and excessive force. Defendant Burgunder thereafter subjected Plaintiff to malicious prosecution. All of which deprived Plaintiff under color of state law of his rights

2

under the United States Constitution and law per 42 U.S.C.§1983. Plaintiff also suffered physical injuries, medical bills, wage loss, disfigurement, pain and suffering, mental anguish, and was required to pay attorney fees. Plaintiff claims compensatory damages against Defendants; attorney fees from all Defendants per 42 U.S.C.§1988; and punitive damages against Defendants Burgunder, Honick, and Lincoln.

## General Averments

9. On October 11, 2018, at approximately 7:30 P.M., Defendants Burgunder, Honick, and Lincoln, in the company of Brian Martin, while all four men were acting as on duty but plain clothes Defendant City police officers, entered Kopy's Bar, a licensed Pennsylvania liquor establishment located at 80 South 12th Street, Pittsburgh, Allegheny County, Pennsylvania 15203.

10. On said date and at said time, Defendants Burgunder, Honick and Lincoln, and Martin, began consuming alcohol at Kopy's Bar, and did so continuously and copiously from 7:30 P. M. until October 12, 2018, at approximately 12:30 A.M.

11. By 11:30 P.M., on October 11, 2018, Defendants Burgunder, Honick, Lincoln, and Martin were all visibly intoxicated due to their consumption of alcohol.

12. At approximately 11:41 P.M., on October 11, 2018, Plaintiff and five companions entered Kopy's Bar.

13. Plaintiff and his companions, all of whom were sober, and acting in a law abiding manner, paid no notice to Defendants Burgunder, Honick, and Lincoln, and Martin, who were all seated at a corner area of the bar off of the entrance to the bar, and Plaintiff and several of his companions went to the rear of Kopy's Bar to drink beer and play pocket billiards.

14. Nevertheless, immediately upon the entrance into Kopy's Bar of Plaintiff and his companions, Defendants Burgunder, Honick, and Lincoln, and Martin -- and especially Defendant Honick, who was extremely intoxicated -- took note of Plaintiff and his companions, and Defendants Burgunder, Honick, and Lincoln, and Martin became fixated on Plaintiff and his companions and agitated towards them.

15. At this point neither Plaintiff nor his companions nor the sole bartender at Kopy's Bar was aware that Defendants Burgunder, Honick, and Lincoln, and Martin were in fact City of Pittsburgh police officers, much less on duty detectives, as Defendants Burgunder, Honick, and Lincoln, and Martin appeared to be only the obvious: four drunks in a saloon who were beginning to become obnoxious in demeanor for no known reason other than their visible intoxication.

16. Defendants Burgunder, Honick, and Lincoln, and Martin then began to point at Plaintiff and his companions and to

4

repeatedly tell the bartender that Plaintiff and his friends should not be permitted as patrons at Kopy's Bar.

17. At approximately 12:20 A.M., on October 12 2018, Defendants Burgunder, Honick, and Lincoln, and Martin, for the first time, revealed to the bartender, but only to the bartender, that they were in fact on duty City of Pittsburgh Police Officers, and they also stated that the situation was dangerous between Defendants Burgunder, Honick, and Lincoln, and Martin and Plaintiff and his companions, when no such danger was presented by Plaintiff and his companions, all of whom were sober and law abiding.

18. After two of Plaintiff's five companions left Kopy's Bar for the evening, the situation escalated with Defendants Burgunder, Honick, and Lincoln, and Martin positioning themselves off of their seats at the front corner of the bar and on their feet between Plaintiff and one of his companions and the exit door.

19. Defendants Burgunder, Honick, and Lincoln, and Martin acting in conspiratorial concert, began to intimidate Plaintiff, and impede Plaintiff's exit from Kopy's Bar, with Defendant Honick repeatedly showing his loaded handgun, located in the front band of his pants, and gripping its handle, but with no one revealing his identity as a police officer.

20. At approximately 12:40 P.M., Plaintiff was provoked by the intimidation and exit blocking into pushing Defendant Honick.

21. Plaintiff pushing Defendant Honick occurred with no knowledge on Plaintiff's part that any of the Defendants Burgunder, Honick, and Lincoln, and/or Martin was a police officer, much less an on duty officer, and just as uniformed City of Pittsburgh Police Officers, led by two sergeants, entered Kopy's Bar having been summoned both by the bartender and at least one of the police officer Defendants.

22. Once Plaintiff pushed Defendant Honick, a police riot erupted with Defendants Burgunder, Honick, and Lincoln, in conspiratorial concert, violently assaulting Plaintiff, by Defendant Burgunder holding onto and controlling Plaintiff by his hair and arms and Defendants Honick and Lincoln repeatedly punching Plaintiff about the head and face while one of the uniformed sergeants pepper sprayed Plaintiff's face.

23. After their conspiratorial assault upon Plaintiff, Defendant Burgunder arrested Plaintiff, and, in a sworn affidavit, Defendant Burgunder filed a Criminal Complaint in the Court of Common Pleas of Allegheny County at OTN:G820979-5 charging Plaintiff with five counts of felony of the first degree Aggravated Assault --the five alleged victims being Defendants Burgunder, Honick, and Lincoln, and uniformed

6

Sergeants Baker and Turko-- and, ironically, one count each of felony of the first degree Criminal Conspiracy to Commit Aggravated Assault, and Riot. See "Exhibit A" attached hereto.

24. At all times pertinent Defendants Burgunder, Honick, and Lincoln were acting within the course and scope of their employment with Defendant City.

25. The conduct of Defendants Burgunder, Honick, and Lincoln toward Plaintiff throughout the encounter conformed to the official policy, custom or practice of Defendant City and was further encouraged by Defendant City's failure to investigate and punish prior allegations of consuming alcohol while on duty and/or excessive force and/or malicious prosecution and/or false imprisonment by Defendants Burgunder, Honick, and Lincoln, and Martin and/or other officers.

26. On November 14, 2018, the Commonwealth of Pennsylvania, through the Office of the District Attorney of Allegheny County, withdrew all charges that were filed against Plaintiff at OTN: G820979-5, thus making Plaintiff the prevailing party in that criminal prosecution.

27. The assault by Defendants Burgunder, Honick, and Lincoln upon Plaintiff resulted in Plaintiff suffering physical injuries as follows:

      (a) head and facial trauma
      (b) burning in the eyes from
          being pepper sprayed

    (c) fracture of the left elbow
        coronoid process
    (d) dislocation of the radio-
        capitellar and ulnohumeral
        joint of the right elbow,
        and medial and dorsal dis-
        placement of the radius
        and ulna

## COUNT I

### Frank DeLuca vs. City of Pittsburgh

28. Plaintiff hereby incorporates paragraphs 1 through 26 above, as if the same were more fully set forth herein.

29. By curtailing Plaintiff's freedom of movement, even though there was no probable cause to believe that Plaintiff had committed a criminal act, Defendants Burgunder, Honick, and Lincoln, while acting in the course scope of their employment duties as Defendant City's police officers subjected Plaintiff to false imprisonment.

30. Due to the false imprisonment that he was subjected to, Plaintiff was deprived under color of state law of his rights, privileges, and immunities as secured by the United States Constitution and law, all of which is prohibited by the provisions of 42 U.S.C. §1983, and Plaintiff has suffered compensatory damages as follows:

    (a) deprivation of his civil and
        constitutional rights,
    (b) the emotional distress caused
        by the imprisonment,

    (c)  the physical injury that he
        suffered while falsely imprisoned
        which caused:

        (1)  pain, suffering, in-
            convenience and loss
            of enjoyment of life's
            pleasures,
        (2)  medical bills,
        (3)  disfigurement,
        (4)  mental anguish and
            distress, and
        (5)  wage loss.

31. Plaintiff also claims reasonable attorney fees and costs from Defendant City as provided for in 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays this Honorable Court to enter judgment against Defendant City for an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars exclusive of costs.

## COUNT II

### Frank Deluca vs. City of Pittsburgh

32. Plaintiff hereby incorporates paragraphs 1 through 30 above, as if the same were more fully set forth herein.

33. By violently assaulting Plaintiff by repeatedly punching Plaintiff about the head and face when he was subdued and no threat to them, and by injuring his elbows bi-laterally -- whether or not Plaintiff had committed any criminal act, which Plaintiff had not done -- Defendants Burgunder, Honick, and Lincoln, while acting within the course and scope of their employment duties as police officers of Defendant City, subjected Plaintiff to the use of excessive force.

34. Due to the excessive force that he was subjected to, Plaintiff was deprived under color of state law of his rights, privileges, and immunities as secured by the United States Constitution and law, all of which is prohibited by the provisions of 42 U.S.C. §1983, and Plaintiff has suffered compensatory damages as follows:

    (a)   deprivation of his civil and constitutional rights,

    (b)   pain, suffering, inconvenience, and loss of enjoyment of life's pleasures,

    (c)   medical bills,

    (d)   disfigurement,

    (e)   mental anguish and distress, and

    (f)   wage loss.

35. Plaintiff also claims reasonable attorney fees and costs from Defendant City as provided for in 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays this Honorable Court to enter judgment against Defendant City for an amount in excess of Seventy-Five Thousand (75,000.00) Dollars exclusive of costs.

### COUNT III

### Frank DeLuca vs. City of Pittsburgh

36. Plaintiff hereby incorporates paragraphs 1 through 34 above, as if the same were more fully set forth herein.

37. Defendant Burgunder, while acting within the course and scope of his employment duties as a police officer of Defendant City, caused Plaintiff to be criminally prosecuted while lacking probable cause that Plaintiff committed any of the seven crimes with which Plaintiff was charged, did so for a purpose other than bringing an offender to justice, and the prosecution terminated in Plaintiff's favor.

38. Thus, Plaintiff was subjected to malicious prosecution which caused Plaintiff to be deprived under color of state law of his rights, privileges, and immunities as secured by the United States Constitution and law, all of which is prohibited by the provisions of 42 U.S.C.§1983, and Plaintiff has suffered damages as follows:

> (a) deprivation of his civil
>     and constitutional rights,
>
> (b) the cost of defending against
>     the malicious prosecution, and
>
> (c) the emotional distress
>     caused by the malicious
>     prosecution.

39. Plaintiff also claims reasonable attorney fees and costs from Defendant City as provided for in 42 U.S.C.§ 1988.

WHEREFORE, Plaintiff prays this Honorable Court to enter judgment against Defendant City for an amount in excess of Seventy-Five Thousand (75,000.00) Dollars exclusive of costs.

## COUNT IV

### Frank DeLuca vs. Brian Burgunder

40. Plaintiff hereby incorporates paragraphs 1 through 38 above, as if the same were more fully set forth herein.

41. By subjecting Plaintiff to false imprisonment, Defendant Burgunder caused Plaintiff to be deprived under color of state law of his rights, privileges, and immunities as secured by the United States Constitution and law, all of which is prohibited by the provisions of 42 U.S.C. §1983, and Plaintiff has suffered compensatory damages as set forth in paragraph 29 above.

42. In addition to compensatory damages, Defendant Burgunder's conduct was outrageous and engaged in with reckless indifference to the rights, safety, and well being of Plaintiff, such that Plaintiff also claims punitive damages from Defendant Burgunder.

43. Plaintiff also claims reasonable attorney fees and costs from Defendant Burgunder as provided for in 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays this Honorable Court to enter judgment against Defendant Burgunder for an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars exclusive of costs.

## COUNT V

### Frank DeLuca vs. Brian Burgunder

44. Plaintiff hereby incorporates paragraphs 1 through 42 above, as if the same were more fully set forth herein.

45. By subjecting Plaintiff to the use of excessive force, Defendant Burgunder caused Plaintiff to be deprived under color of state law of his rights, privileges, and immunities as secured by the United States Constitution and law, all of which is prohibited by the provisions of 42 U.S.C. §1983, and Plaintiff has suffered compensatory damages as set forth in paragraph 33 above.

46. In addition to compensatory damages, Defendant Burgender's conduct was outrageous and engaged in with reckless indifference to the rights, safety, and well being of Plaintiff, such that Plaintiff also claims punitive damages from Defendant Burgunder.

47. Plaintiff also claims reasonable attorney fees and costs from Defendant Burgunder as provided for in 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays this Honorable Court to enter judgment against Defendant Burgunder for an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars exclusive of costs.

## COUNT VI

### Frank DeLuca vs. Brian Burgunder

48. Plaintiff hereby incorporates paragraphs 1 through 46 above, as if the same were more fully set forth herein.

49. By subjecting Plaintiff to malicious prosecution, Defendant Burgunder caused Plaintiff to be deprived under color of state law of his rights, privileges, and immunities as secured by the United States Constitution and law, all of which is prohibited by the provisions of 42 U.S.C. §1983, and Plaintiff has suffered compensatory damages as set forth in paragraph 37 above.

13

50.   In   addition   to   compensatory   damages,   Defendant Burgunder's conduct was outrageous and engaged in with reckless indifference to the rights, safety, and well being of Plaintiff, such that Plaintiff also claims punitive damages from Defendant Burgunder.

51.  Plaintiff also claims reasonable attorney fees and costs from Defendant Burgunder as provided for in 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays this Honorable Court to enter judgment against Defendant Burgunder for an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars exclusive of costs.

## COUNT VII

### Frank DeLuca vs. David Honick

52.  Plaintiff hereby incorporates paragraphs 1 through 50 above, as if the same were more fully set forth herein.

53. By subjecting Plaintiff to false imprisonment, Defendant Honick caused Plaintiff to be deprived under color of state law of his rights, privileges, and immunities as secured by the United States Constitution and law, all of which is prohibited by the provisions of 42 U.S.C. §1983, and Plaintiff has suffered compensatory damages as set forth in paragraph 29 above.

54. In addition to compensatory damages, Defendant Honick's conduct was outrageous and engaged in with reckless indifference to the rights, safety, and well being of Plaintiff, such that Plaintiff also claims punitive damages from Defendant Honick.

14

55. Plaintiff also claims reasonable attorney fees and costs from Defendant Honick as provided for in 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays this Honorable Court to enter judgment against Defendant Honick for an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars exclusive of costs.

## COUNT VIII

### Frank DeLuca vs. David Honick

56. Plaintiff hereby incorporates paragraphs 1 through 54 above, as if the same were more fully set forth herein.

57. By subjecting Plaintiff to the use of excessive force, Defendant Honick caused Plaintiff to be deprived under color of state law of his rights, privileges, and immunities as secured by the United States Constitution and law, all of which is prohibited by the provisions of 42 U.S.C.§1983, and Plaintiff has suffered compensatory damages as set forth in paragraph 33 above.

58. In addition to compensatory damages, Defendant Honick's conduct was outrageous and engaged in with reckless indifference to the rights, safety, and well being of Plaintiff, such that Plaintiff also claims punitive damages from Defendant Honick.

59. Plaintiff also claims reasonable attorney fees and costs from Defendant Honick as provided for in 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays this Honorable Court to enter judgment against Defendant Honick for an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars exclusive of costs.

15

## COUNT IX

### Frank DeLuca vs. David Lincoln

60. Plaintiff hereby incorporates paragraphs 1 through 58 above, as if the same were more fully set forth herein.

61. By subjecting Plaintiff to false imprisonment, Defendant Lincoln caused Plaintiff to be deprived under color of state law of his rights, privileges, and immunities as secured by the United States Constitution and law, all of which is prohibited by the provisions of 42 U.S.C. §1983, and Plaintiff has suffered compensatory damages as set forth in paragraph 29 above.

62. In addition to compensatory damages, Defendant Lincoln's conduct was outrageous and engaged in with reckless indifference to the rights, safety, and well being of Plaintiff, such that Plaintiff also claims punitive damages from Defendant Lincoln.

63. Plaintiff also claims reasonable attorney fees and costs from Defendant Lincoln as provided for in 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays this Honorable Court to enter judgment against Defendant Lincoln for an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars exclusive of costs.

## COUNT X

### Frank DeLuca vs. David Lincoln

64. Plaintiff hereby incorporates paragraphs 1 through 62 above, as if the same were more fully set forth herein.

65. By subjecting Plaintiff to the use of excessive force, Defendant Lincoln caused Plaintiff to be deprived under color of state law of his rights, privileges, and immunities as secured by the United States Constitution and law, all of which is prohibited by the provisions of 42 U.S.C. §1983, and Plaintiff has suffered compensatory damages as set forth in paragraph 33 above.

66. In addition to compensatory damages, Defendant Lincoln's conduct was outrageous and engaged in with reckless indifference to the rights, safety, and well being of Plaintiff, such that Plaintiff also claims punitive damages from Defendant Lincoln.

67. Plaintiff also claims reasonable attorney fees and costs from Defendant Lincoln as provided for in 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays this Honorable Court to enter judgment against Defendant Lincoln for an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars exclusive of costs.

Respectfully Submitted,

*James E. DePasquale*

Attorney James E. DePasquale

1302 Grant Building

310 Grant Street

Pittsburgh, PA 15219

412-471-1415

jim.depasquale@verizon.net

PA ID No. 30223

# POLICE CRIMINAL COMPLAINT

COUNTY OF: ALLEGHENY

COMMONWEALTH OF PENNSYLVANIA

VS.

MDJ: PITTSBURGH MUNICIPAL COURT

Magisterial District Number 05-0-03

Address 660 FIRST AVENUE
PITTSBURGH, PA 15219

Phone: 412.350.6715

**DEFENDANT:**
(NAME and ADDRESS)

FRANK _____ DELUCA
First Name   Middle Name   Last Name   Gen.

846 KENNEBEC STREET PITTSBURGH, PA 15217

NCIC Extradition Code Type

Distance:

## DEFENDANT IDENTIFICATION INFORMATION

CR

| Docket Number | Date Filed | OTN/LiveScan Number | Complaint/Incident Number | Request Lab Services? |
|---|---|---|---|---|
| 8588-18 | 10-12-18 | G 820979-5 | 18201969 | ☐ Yes |

| GENDER MALE | DOB 05/10/1982 | POB | Add'l DOB | Co-Defendant(s) ☒ |
|---|---|---|---|---|

| RACE WHITE | First Name | Middle Name | Last Name | Gen. |
|---|---|---|---|---|
| ETHNICITY | AKA | | | |

HAIR COLOR BRO (BROWN)          EYE COLOR  BRO (BROWN)

| DNA | | DNA Location | | WEIGHT (lbs.) |
|---|---|---|---|---|
| FBI Number | | MNU Number | | 175 |
| Defendant Fingerprinted | | | | FL HEIGHT In. |
| Fingerprint Classification | | | | 5 / 08 |

## DEFENDANT VEHICLE INFORMATION

| Plate # | State | Hazmat | Registration Sticker (MM/YY) | Comm'l Veh. Ind. | School Veh. | Oth. NCIC Veh. Code | Reg. Same as Def. |
|---|---|---|---|---|---|---|---|
| VIN | | Year | Make | Model | Style | Color | |

Office of the attorney for the Commonwealth ☒ Approved ☐ Disapproved because: _____

(The attorney for the Commonwealth may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing. See Pa.R.Crim.P. 507).

name of the attorney for the Commonwealth          (Signature of the attorney for the Commonwealth)          (Date)

I, BRIAN BURGUNDER                    37278
(Name of the Affiant)                  (PSP/MPOETC -Assigned Affiant ID Number & Badge #

of CITY OF PITTSBURGH                 PAPPD0000
(Identify Department or Agency Represented and Political Subdivision)   (Police Agency ORI Number)

do hereby state: (check appropriate box)

1. X   I accuse the above named defendant who lives at the address set forth above
       I accuse the defendant whose name is unknown to me but who is described as _____

I accuse the defendant whose name and popular designation or nickname are unknown to me and whom I have, therefore, designated as John Doe or Jane Doe

with violating the penal laws of the Commonwealth of Pennsylvania at   301   PITTSBURGH CITY
(Subdivision Code)   (Place-Political Subdivision)

In Allegheny County   02   on or about   10/12/2018   0:30
(County Code)

AOPC 412A – Rev. 07/18

"Exhibit A"

# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number |
|---|---|---|---|
| | | G 820979-5 | 18201969 |
| Defendant Name | First: FRANK | Middle: | Last: DELUCA |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated. In addition, social security numbers and financial information (e.g. PINS) should not be listed. If the identity of an account must be established, list only the last four digits. 204 PA.Code §§213.1 – 213.7.)

| Inchoate Offense | ☐ Attempt 18 901 A | | ☐ Solicitation 18 902 A | | ☐ Conspiracy 18 903 | | |
|---|---|---|---|---|---|---|---|

| X | 1 | 2702 | A2 | of the | 18 | 5 | F1 | | |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number | | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:

18 2702A2 AGGRAVATED ASSAULT F1    5 COUNTS
    The actor attempted to cause or intentionally, knowingly or recklessly caused serious bodily injury to Detective Lincoln while in the performance of duty, as defined in section 2702(c) or engaged in public transportation, in violation of 18 Pa. C.S. §2702(a)(2).
    The actor attempted to cause or intentionally, knowingly or recklessly caused serious bodily injury to Detective Burgunder while in the performance of duty, as defined in section 2702(c) or engaged in public transportation, in violation of 18 Pa. C.S. §2702(a)(2).
    The actor attempted to cause or intentionally, knowingly or recklessly caused serious bodily injury to Detective Honick while in the performance of duty, as defined in section 2702(c) or engaged in public transportation, in violation of 18 Pa. C.S. §2702(a)(2).
    The actor attempted to cause or intentionally, knowingly or recklessly caused serious bodily injury to Sgt. Baker while in the performance of duty, as defined in section 2702(c) or engaged in public transportation, in violation of 18 Pa. C.S. §2702(a)(2).
    The actor attempted to cause or intentionally, knowingly or recklessly caused serious bodily injury to Sgt. Turko while in the performance of duty, as defined in section 2702(c) or engaged in public transportation, in violation of 18 Pa. C.S. §2702(a)(2).

# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number<br>G 820979-5 | | Complaint/Incident Number<br>18201969 |
|---|---|---|---|---|
| Defendant Name | First:<br>FRANK | Middle: | | Last:<br>DELUCA |

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | | ☐ Solicitation<br>18 902 A | | ☒ Conspiracy<br>18 903 | | |
|---|---|---|---|---|---|---|---|

| | 2 | 2702 | A2 | of the | 18 | 1 | F1 | | |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data<br>(if applicable) | Accident<br>Number | | | ☐ Safety Zone | | ☐ Work Zone | |
|---|---|---|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:

18 903A1 CRIMINAL CONSPIRACY F1   1 COUNT
   The actor, with the intent of promoting or facilitating the crime of 18 2702 A2 conspired and agreed with Thomas, Zokaites & Heitzenrater that they or one or more of them would engage in conduct constituting such crime or an attempt or solicitation to commit such crime, and in furtherance thereof did commit an overt act in violation of 18 Pa. C.S. §903 (a)(1).

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | | ☐ Solicitation<br>18 902 A | | ☐ Conspiracy<br>18 903 | | |
|---|---|---|---|---|---|---|---|

| | 3 | 5501 | 1 | of the | 18 | 1 | F3 | | |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data<br>(if applicable) | Accident<br>Number | | | ☐ Safety Zone | | ☐ Work Zone | |
|---|---|---|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:

18 55011 RIOT F3   1 COUNT
   The actor participated with two or more other persons, in a course of disorderly conduct, with intent to commit or facilitate the commision of a felony or misdemeanor, or to prevent or coerce official action, or when said actor or any other participant to the knowledge of the actor used or planned to use a firearm or other deadly weapon in violation of 18 Pa. C.S. §5501(1) or (2) or (3).

**POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: | OTN/LiveScan Number | | Complaint/Incident Number |
|---|---|---|---|---|
| | | G 820979-5 | | 18201969 |
| Defendant Name | First: FRANK | | Middle: | Last: DELUCA |

2. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made.

3. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 PA.C.S.§4904) relating to unsworn falsification to authorities.

4. This complaint is comprised of the preceding page(s) numbered        through

5. I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

The acts committed by the accused, as listed and hereafter, were against the peace and dignity of the Commonwealth of Pennsylvania and were contrary to the Act(s) of the Assembly, or in violation of the statutes cited.
**(Before a warrant of arrest can be issued, an affidavit of probable cause must be completed, sworn to before the issuing authority, and attached.)**

_____      10/12/18      _____
                              (Date)                                    (Signature of Affiant)

AND NOW, on this date   OCTober 10, 2018   I certify that the complaint has been properly completed and verified.

An affidavit of probable cause must be completed before a warrant can be issued.

05-2-22
(Magisterial District Court Number)          (Issuing Authority)

CRAIG C. STEPHENS,
MAGISTERIAL DISTRICT JUDGE
MAGISTERIAL DISTRICT 05-2-22
MY COMMISSION EXPIRES ON THE
FIRST MONDAY IN JANUARY, 2022

AOPC 412A - Rev. 09/08

| Docket Number: | Date Filed: | OTN/LiveScan Number | POLICE CRIMINAL COMPLAINT |
|---|---|---|---|
| | | G 820979-5 | Complaint/Incident Number |
| | | | 18201969 |
| Defendant Name | First:
FRANK | Middle: | Last:
DELUCA |

# AFFIDAVIT of PROBABLE CAUSE

1. **WHEN:**

   a) Date when Affiant received information:

   10/11/2018

   b) Date when the source of information (Police Officers, Informant, Victim, Co-Defendant, Defendant, etc.) received information:

   10/11/2018

2. **HOW:**

   a) How Affiant knows this particular person committed crime: (personal observation, defendant's admissions, etc.):

   Detectives observations.

   b) How the source of information knows this particular person committed the crime:

   Detectives observations.

   c) How both Affiant and/or source of information knows that a particular crime has been committed:
   Detectives observations.

3. **WHAT CRIMES:**

   18 2702 A2 AGGRAVATED ASSAULT
   18 2702 A2 AGGRAVATED ASSAULT
   18 2702 A2 AGGRAVATED ASSAULT
   18 2702 A2 AGGRAVATED ASSAULT
   18 2702 A2 AGGRAVATED ASSAULT
   18 5501 1 RIOT
   18 903 A1 CRIMINAL CONSPIRACY

4. **WHERE CRIME(S) COMMITTED:**

   80 S. 12TH STREET

5. **WHY AFFIANT BELIEVES THE SOURCE OF INFORMATION:**

   X   Source is presumed reliable, i.e. other Police Officer, Eyewitness, Victim of Crime, etc.

   Source has given information in the past which has led to arrest and/or conviction

   Defendant's reputation for criminal activity

   This source made declaration against his/her penal interest to the above offense

   X   Affiant and/or other Police Officers corroborated details of the information

| Docket Number | Case 2:18-cv-01567-CB Document 1 Filed 11/2018 Complaint/Incident Number | | |
|---|---|---|---|
| | G 820979-5 | | 18201969 |
| Defendant Name | First FRANK | Middle | Last DELUCA |

On 10/12/2018, Detective Honick, Detective Lincoln, Detective Martin and I, Detective Burgunder, were conducting an undercover investigation inside of Kopy's Bar, located at 80 South 12th Street PGH PA 15203. We have received numerous complaints regarding narcotics sales happening inside of, and adjacent to Kopy's Bar.

During the course of our investigation, multiple members (approx 6) of the Pagan's motorcycle club entered the bar and proceeded to the rear seating area, near the pool table. We were able to identify these individuals as Pagans by their club colors (jean jacket vests w/ Pagan's written across the back). During the course of the evening, Det. Honick overheard a patron of the bar say "those guys are cops" while motioning in our direction. Det. Honick informed us that our undercover capacity may have been compromised. Our attention was further drawn to members of the Pagan motorcycle club because they began to stare in our direction. At one point, Det. Martin approached the group of Pagans and confirmed to them that we were in fact Police Officers, and we were not there to infringe on anyone's good time.

I contacted Sgt. Turko (Zone 3 supervisor) to inform him that we were conducting an undercover operation at Kopy's Bar and our cover had been compromised by members of the Pagan's motorcycle club.

At this time, two club members left, leaving four members inside of the bar. The remaining Pagans were later identified at Frank DELUCA, Bruce THOMAS, Erik HEITZENRATER and Michael ZOKAITES. DELUCA, THOMAS, HEITZENRATER and ZOKAITES left the rear of the establishment and repositioned themselves at a table directly behind where we were seated. Det. Honick, Det. Lincoln and Det. Martin engaged DELUCA and ZOKAITES in conversation, which was cordial at first; detectives shook hands multiple times with DELUCA and ZOKAITES. DELUCA became angry and began screaming obscenities at Det. Martin and telling him to get the fuck out of his bar. Det. Honick stood between DELUCA and Det. Martin in an attempt to de-escalate the situation. DELUCA did not respond to Det. Honick's de-escalation attempts and became even more irate.

At this time, I again contacted Sgt Turko and requested him to send back-up to our location. Sgt. Baker and Officer King were the first uniformed Officers to arrive at our location. As they entered the bar I informed them that the members of the Pagan's were wearing blue jean vests. Sgt. Baker moved behind DELUCA, who was still screaming in Det. Honick's face. DELUCA then pushed Det. Honick, which started a physical confrontation that ZOKAITES immediately entered into.

I attempted to gain control of DELUCA by grabbing his head and upper torso, when I did so, ZOKAITES punched both Det. Lincoln and I in the head/face area. Det. Martin intervened and struck ZOKAITES with a closed fist and tackled him to the ground, Multiple Officers were then able to take ZOKAITES into custody. I grabbed DELUCA by the torso, and immediately felt a handgun in his waistband, I yelled "gun" to alert all officers/detectives on scene that DELUCA was armed. Multiple Officers were ordering DELUCA to stop resisting. DELUCA did not comply and continued to kick and punch officers as we attempted to take him into custody. During the fight, Sgt. Turko deployed his pepper spray which contaminated both actors and officers. I was able to grab DELUCA by his ponytail with my right hand and attempted to control his head/neck with my left hand. DELUCA refused to comply and tried to get out of my grasp while simultaneously reaching for his waistband. DELUCA continued to kick myself, Det. Lincoln and Sgt. Turko in the leg/groin areas and shove Sgt. Baker. Det. Lincoln struck DELUCA in the face multiple times in an attempt to gain control of him and prevent him from reaching his firearm. DELUCA was eventually taken to the ground by multiple officers and forcibly handcuffed. Once in custody, Det. Andrew Robinson secured Ex #1 a Beretta BU 9mm semi auto handgun (Ser # NUO98492) from DELUCA'S waistband.

During the initial altercation with DELUCA and ZOKAITES, THOMAS grabbed and pushed Det. Martin in an attempt to free ZOKAITES from Det. Martin's control. Det. Martin threw THOMAS to the ground by his torso and ordered him to stay on the ground. As Det. Martin was throwing THOMAS to the ground, HEITZENRATER pulled Det. Martin off of THOMAS. HEITZENRATER also pulled Sgt. Baker away from the altercation, to assist in freeing THOMAS. Det. Martin punched HEITZENRATER with a closed fist multiple times and knocked him to the ground. HEITZENRATER was taken into custody by

CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number G 820979-5 | | Complaint/Incident Number 18201969 |
|---|---|---|---|---|
| Defendant Name | First: FRANK | Middle: | | Last: DELUCA |

assisting Officers; search incident to arrest of HEITZENRATER by Officer King, yielded Ex #2 , a Ruger LCP 9s 9mm semi auto handgun (Ser# 452-34644) from the waistband of HEITZENRATER.

THOMAS, HIETZENRATER, and ZOKAITES were transported to the ACJ for processing. DELUCA was taken to Mercy Hospital for medical clearance and then transported to the ACJ for processing. A cell phone, 3 large knives and a wallet were recovered from the bar floor as a result of the confrontation.

Det. Murray, from the Computer Crime Unit, responded to the scene to capture video from the surveillance cameras inside of the bar. Bar owner Stephen Kopy facilitated the transfer of the surveillance video. While the video was downloading, I asked Mr. Kopy if his establishment was a frequent hang out of the Pagans. He informed me that THOMAS was a regular, and knew that he was associated with the Pagans. Mr. Kopy stated that DELUCA would sometimes accompany THOMAS into the bar, but was not a regular patron. Mr. Kopy further stated that he had never seen HEITZENRATER nor ZOKAITES.

-DELUCA and HEITZENRATER did posses concealed weapon permits at the time of their arrest.


I,      BRIAN BURGUNDER     , BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

I CERTIFY THAT THIS FILING COMPLIES WITH THE PROVISIONS OF THE CASE RECORDS PUBLIC ACCESS POLICY OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA THAT REQUIRE FILING CONFIDENTIAL INFORMATION AND DOCUMENTS DIFFERENTLY THAN NON-CONFIDENTIAL INFORMATION AND DOCUMENTS.

(Signature of Affiant)

Sworn to me and subscribed before me this 12Th day of OCTOBER 2018

10 | 12 | 2018 Date

, Magisterial District Judge

My commission expires  first Monday of January, 2022

CRAIG C. STEPHENS,
MAGISTERIAL DISTRICT JUDGE
MAGISTERIAL DISTRICT 05-2-22
MY COMMISSION EXPIRES ON THE
FIRST MONDAY IN JANUARY 2022