IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

*In re: Incidents at Kopy's Bar*  )
                                  )   Lead Civil Action No. 18-1567
                                  )
                                  )   Judge Cathy Bissoon

# ORDER

The City's Motion to Dismiss (**Doc. 50**) is **GRANTED** regarding DELUCA, without prejudice to amendment, and it is **DENIED** regarding HEITZENRATER. DELUCA's Complaint (Doc. 1) provides only a bare-bones recitation of the *Monell* standards. HEITZENRATER's operative pleadings (2d Am. Compl., Doc. 42) contains sufficient plausible allegations, both by way of specific prior incidents of excessive force; and specific allegations regarding the City's customs, practices and/or policies regarding undercover officers' consumption of alcohol while on duty.  *See* Doc. 42 at ¶¶ 145-194, 195-199.[1]  Given HEITZENRATER's ability to survive the 12(b) stage, it appears obvious that DELUCA's pleading deficiencies may be cured by amendment.  A deadline for amendment will be established at the close of this Order.

The various Defendants' Motions to Dismiss (**Docs. 53, 55, 82, 85, 89 & 155**) ZOKAITES's claims under the RICO Act, in Counts 1 & 2 of his Complaint (Doc. 1 in Civil Action No. 19-216), are **GRANTED**.  The RICO claims are flawed in conception, as the City of

---

[1] The Court declines to reach the City's arguments regarding whether *Monell* claims must be brought under the Fourth Amendment, as opposed to the Fourteenth Amendment.  *Compare, e.g.*, Doc. 50 at 17 *with* Daniels v. City of Pgh., Doc. 43 in Civil Action No. 18-1019 (W.D. Pa. Aug. 27, 2019) (denying motion to dismiss founded on same argument because, "even where a plaintiff misconceive[s] the proper legal theory of [his] claim, it cannot properly be dismissed if there appear viable grounds for relief") (citation to quoted source omitted).

Pittsburgh cannot properly be a "RICO enterprise."  Kovalev v. City of Philadelphia, 833 Fed. Appx. 972, 974 (3d Cir. Jan. 26, 2021) (RICO claims against the city and its departments were improper as a matter of law, because "a civil claim brought under section 1964(c) . . . cannot be maintained against a municipal corporation") (citation to binding authority omitted).  The various individual Defendants, who are alleged to have been acting as duly-authorized agents of the City, likewise are immune.  The RICO allegations against THE FRATERNAL ORDER OF POLICE fail, for the many reasons explained in its briefing, *see* Doc. 156, including the non-existence of "racketeering activity," as defined by the Act; the failure to allege two or more predicate acts; and the failure to allege injury to "business or property," as recognized in the law.  *Id.* at 4-6.

ZOKAITES's RICO claims find no support in the law, and they are both overreaching and distractive of the otherwise significant causes in this consolidated action.  Accordingly, the RICO claims are **DISMISSED WITH PREJUDICE**.

The City's Motion to Dismiss (**Doc. 89**) ZOKAITES's *Monell* claims is **DENIED**, for the same reasons stated above regarding HEITZENRATER.  As to ZOKAITES's claim for civil conspiracy under state law (Count 10, Doc. 1 in 19-216), the City argues that it is barred under Pennsylvania's Tort Claims Act.  *See* Doc. 90 at 10-11 (citing relevant legal authority).  ZOKAITES has not resisted the City's position, and the Motion is **GRANTED** to this extent.

The City's Motion to Dismiss (**Doc. 108**) against THOMAS is **DENIED AS MOOT** regarding RICO, because THOMAS's RICO claims have been withdrawn and dismissed with prejudice.  *See* text Order in 18-1567 at Doc. 105.  The Motion is **DENIED** regarding *Monell* liability, for the same reasons stated above regarding HEITZENRATER.  The Motion is **GRANTED** regarding THOMAS's civil conspiracy claim, for the same reason as ZOKAITES.

Defendant MURRAY's Motion to Dismiss (**Doc. 13 in 19-617**) against THOMAS is **DENIED AS MOOT** regarding the RICO claims, as described above.  MURRAY also seeks dismissal of THOMAS's Sixth Amendment and due process claims, because the criminal charges were dropped before trial.  *See* Doc. 14 in 19-617 at 2-4.  THOMAS has not resisted these arguments, and they are consistent with the law.  *See* Anderson v. Venango County, 458 Fed. Appx. 161, 165 (3d Cir. Jan. 18, 2012) ("[A] violation of the procedures protecting the Sixth Amendment right to a fair trial, without an accompanying violation of the right to a fair trial itself, is not enough to state a § 1983 claim.").  Accordingly, the Motion is **GRANTED** in this regard.

Next are the KOPY Plaintiffs' (KOPY's) claims, which are the subject of many a Motion to Dismiss.  *See* Docs. 169, 171, 173, 175 & 177.  An examination, at the fore, of what KOPY *plausibly* alleges is more fruitful than addressing the Motions in seriatim.

It is alleged that, during the incident, TURKO "specifically targeted and intentionally sprayed Mr. Kopy in the face with mace/pepper spray."  KOPY's Am. Compl. (Doc. 166) at ¶ 182.  KOPY alleges that the other officers failed to intervene, and they did not provide medical assistance afterward.  *See id.* at ¶¶ 185-186.  KOPY also alleges that Defendants' conduct "resulted in a curtailment of Mr. Kopy's freedom of movement," and that he "reasonably believed that not only were he and [the bar] the target of an undercover investigation, but he was not free to leave."  *See id.* at ¶¶ 187, 193.  KOPY also complains that the City "has not returned the [bar's] allegedly damaged hard drive or reimbursed [it] for the cost of the damaged hard drive and camera system."  *Id.* at ¶ 229.  These are the only allegations remotely approaching the plausibility standards, and the remainder reflect creative efforts to expand or inflate liability into areas unwarranted by the law.

3

Mr. Kopy has alleged a viable excessive force claim against TURKO.  KOPY has *not* alleged facts, regarding the remaining law enforcement Defendants, supporting a claim for failure to intervene.  Specifically, and given the exigency of the circumstances described, he has not plausibly alleged that the other Defendants had "a realistic and reasonable opportunity to intervene."  *See* Wenzel v. Bovee, 2022 WL 4236715, *3 (W.D. Pa. Sept. 14, 2022) (citation to quoted, binding and other authority omitted).  Likewise, the pleadings fail to plausibly support the notion that Defendants' purported refusal to provide medical assistance reflected deliberate indifference to serious medical needs, resulting in legally recognized injury.  *See* Smith v. Gransden, 553 Fed. Appx. 173, 177 (3d Cir. Jan. 16, 2014).  Nor are there plausible allegations that any Defendant restricted Mr. Kopy's "freedom of movement."

KOPY's claims for municipal liability fail, because the prior incidents referenced in the pleadings do not extend to the context of a "bystander" (Mr. Kopy was not arrested, nor is it alleged that Defendants intended or attempted to arrest him).  The civil conspiracy claim, as relates to KOPY, is unsupported by plausible allegations that any Defendant acted on an agreement to violate these Plaintiffs' civil rights.  The claims for common law assault, battery and intentional infliction of emotional distress ("IIED") are barred by the Pennsylvania Tort Claims Act.  The IIED claim independently fails because KOPY has not alleged the requisite level of scienter; or harm (beyond conclusory, boilerplate recitations).  Mayor PEDUTO is immune, and/or the claims against him barred, for the reasons stated in the City Defendants' brief, Doc. 172 at 23-26.  To the extent KOPY claims that PEDUTO acted outside the scope of his official duties, the allegation is implausible.

As for damages to the bar's surveillance system, the City Defendants concede that a state cause of action exists.  Given that Mr. Kopy's federal claim (excessive force) may proceed, the Court will not presently decline to exercise supplemental jurisdiction over the state claim(s).

Consistent with the foregoing, Defendants' Motions to Dismiss regarding KOPY (**Docs. 169, 171, 173, 175 & 177**) are **GRANTED**, except to the extent described above. The Court also notes that, although Mr. Kopy may pursue an excessive force claim, these Plaintiffs have failed to show that the claim properly may be asserted by the bar.  The state law property claims may, for now, proceed on behalf of both KOPY Plaintiffs.

Next, LINCOLN (who, in this context, includes his spouse, SIWIK) has filed a Motion to Dismiss (Doc. 120) ZOKAITES's Counterclaims against them (Doc. 115).  The ZOKAITES Counterclaims are for abuse of process, and malicious use of process, based on the fact that LINCOLN filed counterclaims against ZOKAITES for injuries suffered during the incident. Both the ZOKAITES Counterclaims and the LINCOLN Motion to Dismiss assume the veracity of their own averments, which the Court cannot do.  Thus, the Lincoln Motion to Dismiss (**Doc. 120**) is **DENIED**, without prejudice to renewal, as appropriate, at a later time.

Finally, KOPY has filed a Motion to Dismiss (Doc. 123) LINCOLN's Counterclaims against it, which sound in negligence (under the business-invitee standard), IIED and loss of consortium.  Doc. 96 at Counts VIII, IX & X.  While the Court is sympathetic to KOPY's arguments, and believes that LINCOLN's Counterclaims, at best, brush the line of (im)plausibility, it declines to address these matters at the 12(b) stage (where the Court is required to accept as true the veracity of LINCOLN's factual averments).  The Motion (**Doc. 123**) is **DENIED**, without prejudice to renewal on summary judgment.

All pending Motions having been resolved, it hereby is **ORDERED** that DELUCA shall file an amended complaint by **October 12, 2022**.[2]

Also, it appears that all claims against Defendants DETECTIVE BRENNEN, THE CITY OF PITTSBURGH FRATERNAL ORDER OF POLICE, WILLIAM PEDUTO, DETECTIVE MURRAY and SCOTT SCHUBERT have been dismissed, by virtue of the rulings herein. Accordingly, it is the Court's intention to terminate those parties from this consolidated action. Should any party disagree, they must file a notice on the docket, also by **October 12, 2022**, highlighting any claim(s) against those parties that have not been dismissed.

Once the amended pleadings have been answered, the Court will enter an order setting an initial case management conference.

IT IS SO ORDERED.


September 28, 2022                             s/Cathy Bissoon
                                               Cathy Bissoon
                                               United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] Should the amended pleadings bring DELUCA's *Monell* pleadings "in line" with those of the other Plaintiffs, a renewed motion to dismiss likely will be contrary to the law of the case, and will be viewed with disfavor.