IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re:  Incidents at Kopy's Bar*  ) | |
| ) | Lead Civil Action No. 18-1567 |
| ) | |
| ) | Judge Cathy Bissoon |

### ORDER

Defendants' Motions for Summary Judgment (Docs. 286 & 289) will be denied. Numerous videos of the incident have been submitted. The Court has reviewed them all. The suggestion that they support a grant of summary judgment, in favor of the Defendant officers, strains credulity. The officers' Motion is without merit.[1]

The City has not shown entitlement to summary judgment regarding *Monell*. The Court agrees with the City regarding Plaintiffs' ratification theory. Plaintiffs have not shown the chief of police to be a policymaker. And his alleged acquiesce in the Defendant officers' conduct, after the fact, does not a policy make.[2] But Plaintiffs' allegations regarding customs and/or policies pertaining to undercover officers' alcohol consumption is another matter.

---

[1] Defense counsel's focus on the videos – and suggestion that they are determinative – is unsurprising. It is necessary to sidestep evidence regarding, frankly, the alarming quantity of alcohol consumed by Defendants while on duty. *See* Doc. 288-21 at EFC-banner pg. 19 of 30 (in the five hours preceding, Honick drank 15 double-shots of hard liquor; Lincoln, 9 drinks; Burgunder, 20 drinks; and Martin, 15 drinks). Questions of material fact remain regarding the degree to which Defendants' intoxication affected their judgment and conduct. *See id.* at pg. 26 (Defendants likely were "legally intoxicated," which cast a "shroud of doubt . . . over their use of force") *and id.* at pg. 29 (doubt extended to all "police actions," including Plaintiffs' arrest).

[2] Brackbill v. Ruff, 2018 WL 2322014, *8 (M.D. Pa. May 22, 2018) ("the mere fact that [the police c]hief or the city solicitor purportedly agreed with [an] allegedly unlawful arrest does not . . . state a municipal liability claim"); *accord* Kelly v. Borough of Carlisle, 622 F.3d 248, 264 (3d Cir. 2010) ("Simply going along with discretionary decisions made by one's subordinates . . . is not a delegation to them of the authority to make policy.") (citation to quoted source omitted).

In that respect, summary judgment is unwarranted.

Consistent with the foregoing, Defendants' Motions for Summary Judgment (**Docs. 286 & 289**) are **DENIED**.[3]  Soon, the Court will enter order(s) governing next steps.

IT IS SO ORDERED.


June 29, 2024                                                                         s/Cathy Bissoon
                                                                                                Cathy Bissoon
                                                                                                United States District Judge


cc (via ECF email notification):

All Counsel of Record

---

[3] The Court has considered Defendants' arguments for qualified immunity, and they are unpersuasive.  In examining whether a right was "clearly established," the framing often influences the outcome.  Given the favorable readings owed to Plaintiffs as the non-moving parties, one reasonable framing, for example, may be:  did Defendants violate Plaintiff DeLuca's right to be free from excessive force, when – in a state of intoxication – officers violently and repeatedly pummeled him about the head and face, while he was fully restrained by other officers, rendering him motionless and unable to defend or elude the blows, let alone then pose an immediate threat to the safety of law enforcement?  This construction does not require a stretch of imagination, but rather is begged upon neutral review of the video, no law degree required.  Were summary judgment appropriate (which, to be sure, it is not), on this particular issue, Plaintiff DeLuca would have the stronger case.  Turning back to *Monell*, the Court declines to parse the City's Motion theory-by-theory.  Rather, the Court's rejection of the "ratification" theory serves as law of the case, and Plaintiffs shall adjust accordingly.