IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re:  Incidents at Kopy's Bar*   ) | |
| ) | Lead Civil Action No. 18-1567 |
| ) | |
| ) | Judge Cathy Bissoon |

**ORDER**

Plaintiffs' Motion (Doc. 428) to correct the Joint Proposed Jury Instructions (Doc. 421) and Verdict Forms (Doc. 419) will be granted, as follows.  Given the number of lawyers appearing in this consolidated case, the errors and disagreements revealed in the present filing are disappointing, as is the lateness of identification.  Plaintiffs' counsel report that Defendants oppose the proposed corrections, but offer little specificity.  The only detail supplied is, the City resists revisiting the *Monell* instructions.

As to *Monell*, the focus has been on undercover officers' on-duty consumption of alcohol.  While some of the pleadings made reference to training (often only in passing or in different contexts), Plaintiffs' pretrial statements make clear:  the theory is one of custom or policy.  The Proposed Jury Instructions' reference to a failure to train (as echoed in the City's Pretrial Statement) therefore is misplaced.  3d Cir. Model Instruction ("MI") 4.6.3, cmts. at pgs. 43-44 ("the Court of Appeals [has] sharply distinguished between (1) policy or custom claims and (2) failure to train or supervise claims," and district courts are encouraged to keep them distinct).

Next is the Proposed Instructions' handling of compensatory damages.  Plaintiff notes the omission of details in 4.8.1, regarding the types of compensatory damages available.  This was, pretty obviously, a mistake.  *See, e.g.*, Proposed Verdict Forms (Doc. 419, filed by counsel for

the City) at pg. 6 (containing an in seriatim listing of compensatory damages, including the types identified in MI 4.8.1).  While Plaintiffs had more incentive to "get it right," Defendants' position cannot be that the omission (or delay) should result in an inadequate jury charge.

As to the Proposed Verdict Forms, it is clear from the present filing that there was either a misunderstanding between counsel, or they did not comply with the CMO.  Doc. 338 at ¶ 9 ("to the extent that the parties cannot agree on a particular [verdict] form, counsel for each party shall submit his/her version . . ., along with supporting authority," and forms "**that do not comply with the aforementioned directives will be summarily stricken**") (emphasis in original).  Although non-compliance was unapparent from the face of the filing, now it is clear.  The Proposed Verdict Forms **(Doc. 419)** are **STRICKEN**.[1]

In light of the above, Plaintiffs' Motion (**Doc. 428**) to correct the Joint Proposed Jury Instructions and Verdict Forms is **GRANTED**.  By **December 20, 2024, counsel must file revised joint proposed jury instructions and verdict forms** consistent with this Order.  There are enough lawyers in this case that these difficulties should not have arisen.  Counsel, collectively, need to step up their game, and they are encouraged to cooperate and keep their eyes on the bigger picture.  This is, as the Court previously indicated, a straightforward case.  Every dispute draws time and resources away from other endeavors, whether in this case or in others.  Hopefully counsel will remember this in deciding the battles to fight and hills worth dying on.

---

[1] Although the Court will allow the parties to be heard, the undersigned was perplexed by the Proposed Verdict Forms' present ordering.  Doc. 419 (addressing false arrest claims first, followed by malicious prosecution, excessive force and then *Monell*).  The general framework proposed in Plaintiffs' Motion appears more logical and less likely to cause confusion.

IT IS SO ORDERED.

December 10, 2024                              s/Cathy Bissoon
                                               Cathy Bissoon
                                               United States District Judge

cc (via ECF email notification):

All Counsel of Record