IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re:  Incidents at Kopy's Bar* ) | |
| ) | Lead Civil Action No. 18-1567 |
| ) | |
| ) | Judge Cathy Bissoon |

### ORDER

This Order memorializes the rulings on Motions in Limine at the Final Pretrial Conference, and resolves the ones that remain. The resolved Motions are listed in the order in which they were addressed at the Conference. The parenthetical explanations provide the Court's primary reasoning, and the other arguments in the Motion papers are adopted to the extent they are not inconsistent.

• DELUCA's Motions regarding the Tree of Life (**Doc. 351**), the search of his home years before the Kopy's incidents (**Doc. 352**) and regarding the alleged FBI investigation (**Doc. 353**) – none of which were opposed – are **GRANTED**;

• ZOKAITES's Motion (**Doc. 385**) to prohibit references to his criminal history is **GRANTED** (given concerns regarding "propensity" interpretation, which make the matter more prejudicial than probative, as well as staleness and lack of connection with these proceedings);

• DELUCA's Motion (**Doc. 355**) to prohibit inquiries into whether the Pagan's Motorcycle Club ("the Pagans") were misogynistic or racist is **GRANTED** (more prejudicial than probative);

• the officer Defendants' Motion (**Doc. 357**) to prohibit references to their levels of inebriation is **DENIED** (the issue is central to this litigation);

• the officer Defendants' and City's Motions (**Doc. 361** and **Doc. 372**) to preclude the officers' disciplinary files or allegations of past wrongs are **GRANTED** (akin to propensity evidence and, in any event, more prejudicial than probative);

• the City's Motion (**Doc. 368**) to preclude references to officer-indemnification or the City budget is **GRANTED** (the Court adopts the legal authority concluding that such evidence is a distraction and risks juror confusion);

• Defendants' joint Motion (**Doc. 370**) to preclude the following is **GRANTED**:

    (a) the report of the Citizen Police Review Board (opinion evidence, hearsay, unduly prejudicial and invasive of the province of the jury);

    (b) the affidavit of Stephen Kopy (hearsay, ineligible for exception); and

    (c) written and electronic correspondence from the Allegheny County District Attorney's Office (more prejudicial than probative and invasive of the jury function)[1];

• the City's Motion (**Doc. 374**) regarding the "ratification" theory under *Monell* is **GRANTED** (law of the case);

• all of the Motions to preclude experts are **GRANTED**, **Doc. 376** (unhelpful to and invasive of the jury), **Doc. 379** (speculative)[2] and **Doc. 386** (unhelpful and invasive of the jury);

---

[1] Although the Motion does not address the putative trial testimony of Assistant DAs Rebecca Spangler and Melissa Byrnes, they were identified on the parties' original witness list (Doc. 422) and referenced as such by Plaintiffs' counsel at the Conference. *See* Doc. 392. The Court's grant of Defendants' joint Motion (Doc. 370) extends to live testimony regarding the same subject matter, and the witnesses will not be permitted to testify.

[2] The Court notes that the one potentially helpful and probative aspect of the expert's report (Doc. 379-1), behaviors and impairments corresponding with BAC-level ranges, is not legitimately sourced. *Id.* at 8 ("From - https://www.calculator.net/bac-calculator.html"). Even had Plaintiffs intended for the expert to testify beyond the scope of the report, his opinions regarding the officers' BAC levels remain fatally speculative.

• the officer Defendants' Motion (**Doc. 378**) raising objections to Plaintiffs' deposition designations is **DENIED** (live testimony will control, and addressing the objections in a vacuum is not a good use of Court time); and

• Defendant BURGUNDER's Motion (**Doc. 430**) to excuse his attendance at trial is DENIED WITHOUT PREJUDICE (as inadequately supported by competent medical evidence).

This leaves the Plaintiffs' Motions at Docs. 354, 381 and 383, each of which address testimony – prior and anticipated – regarding the Pagans as an "outlaw motorcycle gang," whose membership tended to be "violent" or associated with violent crime. The Motions contain more quotations of deposition testimony than do the responses in opposition, and the responses are light on record citations and do not attach the supporting evidence. The Court, then, accepts Plaintiff counsel's summation of the sources for the officers' claimed knowledge: a television show, a Wikipedia page and vague and unspecified "training." Doc. 381 at 3.

The relevant inquiry is what the officers knew at the time of the incidents. *See* <u>White v. Pauly</u>, 580 U.S. 73, 77 (2017). *Subsequent* criminal charges against *other* club members[3] and the testimony of non-participants[4] are irrelevant to the officers' knowledge at the time of the Kopy's incidents.

Discussions of the Pagans being an "outlaw motorcycle gang," with or without reference to its members, collectively, being "violent," are inherently prejudicial. Had the officers come forward with evidence establishing their personal knowledge, at the time of the incidents, of information supporting these characterizations, the Court might conclude that such

---

[3] Doc. 396 at ECF-header pg. 3 of 10.

[4] *Id.* (quoting an excerpt of the deposition testimony of disallowed Plaintiffs expert Emanuel Kapehlson, on a transcript page that does not appear in the docket).

information informed their conduct.  Each officer has admitted that they had no personal law enforcement experience with the Pagans, or these members, in support of the assertions.  Vague references to having seen a TV show, attending unspecified training and learning it from Wikipedia simply cannot suffice, particularly in light of the prejudicial impact inclusion.  The "evidence" is more prejudicial than probative, and Plaintiffs' Motions (**Docs. 354, 381 and 383**) are **GRANTED**.

This does not mean, however, that Defendants are prohibited from testifying as to what they observed, appearance and behavior-wise, at the time of the incidents.  Plaintiffs are not expected to deny their membership in the motorcycle club.  Whether the Pagans are referred to as a "motorcycle club" or a "motorcycle gang" is too semantical to be prejudicial, and objections to the latter will be disfavored and overruled.

Finally, to the extent that Plaintiff THOMAS argues prophylactically against inquiries on cross-examination into his membership in the club, his conduct as a member, et cetera, *see* Doc. 383 at 2-3, his position is rejected.  **If a Plaintiff's testimony on direct examination puts these matters into play, the rationale herein does not apply and objections will be deemed to be unfounded**.

IT IS SO ORDERED.

January 8, 2025                                            s/Cathy Bissoon
                                                           Cathy Bissoon
                                                           United States District Judge

cc (via ECF email notification):

All Counsel of Record