IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK DELUCA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-1567 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| CITY OF PITTSBURGH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF JURY SELECTION PROCEDURE

Once the jury panel has been placed in the Courtroom, and following some introductory comments by the undersigned, the Courtroom Deputy will administer the following oath to the panel, *en banc*:

> "You and each of you do solemnly swear or affirm that any statement you make in this room in the case now trying shall be the truth, the whole truth, and nothing but the truth, and you do so under the pains and penalties of perjury."

Once the oath has been administered, the Courtroom Deputy/Law Clerk/Judge will then address the panel as follows:

"The caption of this case reads, Plaintiff, Frank Deluca, versus Defendants, the City of Pittsburgh, Brian Burgunder, David Honick and David Lincoln, docketed at Civil Action No. 18-1567.

"I will now give you a brief overview of what this case is about. This is by no means meant to be a detailed description of the plaintiff's claims or the defendants' defenses. The lawyers will have an opportunity to more fully outline the facts of their cases in their

opening statements, and you will be given specific instructions at the end of the trial regarding the law you are to apply. My intention at this point is to simply give you a brief understanding of the case.

"The plaintiff in this case is Frank Deluca. In the evening of October 11, 2018 into the early morning of October 12, 2018, the plaintiff and some friends were at Kopy's Bar, located in the Southside neighborhood of Pittsburgh. Kopy's since has closed, but the closure was some years later and that is not important to the case.

The defendant police officers, Brian Burgunder, David Honick and David Lincoln also were present at Kopy's. They were on duty, conducting an undercover investigation regarding the illegal sale of drugs. The plaintiff was not a target of their investigation.

Not long after midnight, there was a physical altercation between the plaintiff and the defendants. Much of the altercation, and what happened after, was captured on video, which will be shown at trial.

The plaintiff was arrested and charged with criminal offenses, and the charges later were withdrawn by the Allegheny County District Attorney's Office. In this lawsuit, the plaintiff alleges that the defendants violated his constitutional rights by subjecting him to excessive force, false imprisonment and malicious prosecution. The defendants deny the plaintiff's claims, and assert that the force used against the plaintiff was reasonable and justified, and that there was probable cause for his arrest and prosecution. The City of Pittsburgh, who employed the defendant officers, likewise denies the plaintiff's claims."

For the questions that follow, the Courtroom Deputy/Law Clerk/Judge will inform the <u>panel</u> that "for the purposes of the questions asked today, 'immediate family' includes spouses, parents, grandparents, brothers, sisters, children, in-laws or anyone who lives in your home."

The Courtroom Deputy/Law Clerk/Judge will then address the <u>panel</u> as follows: "Please stand and be prepared to recite your juror number if your answer is 'yes' to any of the following questions."

1. "I now will introduce <u>the parties</u> in this case. The Plaintiff is Frank Deluca, from Allegheny County, Pennsylvania. [Asked to stand.] Do any of you know Mr. DeLuca?"

2. "Defendant Brian Burgunder is a sergeant with the Pittsburgh police. [Asked to stand.] Do any of you know Mr. Burgunder?"

3. "Defendant David Honick is a detective with the Pittsburgh police. [Asked to stand.] Do any of you know Mr. Honick?"

4. "Defendant David Lincoln is a detective with the Pittsburgh police. [Asked to stand.] Do any of you know Mr. Lincoln?"

5. "<u>The lawyers</u> in this case are as follows. Plaintiff Frank Deluca is represented by lawyer James DePasquale. [Asked to stand.] Do any of you know Mr. DePasquale?"

6. "Defendant Brian Burgunder is represented lawyers Anthony Hassey and Bryan Neft, of the law firm Spilman Thomas & Battle. [Asked to stand.] Do you know any of these lawyers?"

7. "Defendant David Honick is represented lawyers Michael Comber and S. Wesley Gorman, of the law firm Comber Miller. [Asked to stand.] Do you know any of these lawyers?"

8. "Defendant David Lincoln is represented lawyers Albert Veverka and Olivia Giles, of the law firm Dickie McCamey & Chilcote. [Asked to stand.] Do you know any of these lawyers?"

9. "Defendant the City of Pittsburgh is represented by lawyers Hillary Weaver, Julie Koren and Juliana Tindall, from the City Solicitor's Office. [Asked to stand.] Do you know any of these lawyers?"

10. "Have any of the attorneys here, or their law firms, ever represented you or any member of your immediate family?"

11. "The following <u>support staff</u> will be helping with the trial:
    - For the Plaintiff – Kyle Peterson, an IT specialist with IMS/Precise, Inc.;
    - For the Defendants – Ray Urbash, from Network Deposition Services.

    [Asked to stand.] Do you know any of these people?"

12. "Have you heard or read anything about this case from any source, including, but not limited to, written articles in print or on the internet, television or radio broadcasts or social media posts on any platform?"

13. "Are you, or any member of your immediate family, employees of the City of Pittsburgh? If so, what do [you/they] do?"

14. "Have you, or any member of your immediate family, ever been employed by any law enforcement agency? If so, which one?"

15. "In addition to the parties, witnesses in this case may include the following:

- Michael Zokaites of Allegheny County

- Bruce Thomas of Allegheny County

- Matthew Turko, Pittsburgh police sergeant

- Andrew Baker, Pittsburgh police lieutenant

- Jonathan King, Allegheny County police sergeant

- Andrew Robinson, Pittsburgh police sergeant

- William Peduto of Allegheny County, former Mayor of City of Pittsburgh

- Wendell Hissrich of Allegheny County

- Scott Schubert, Section Chief, FBI Criminal Justice Investigation Services Division

- Reyne Kacsuta of Allegheny County

- Erin Bruni, Manager of Office of Municipal Investigations, City of Pittsburgh

- Robert Brabender, M.D. at Allegheny Hospital Network

- Brandon Betts, counsel for Pennsylvania Electrical Employees Insurance Trust Fund

- April Scassera of Allegheny County

- Erik Heitzenrater of Allegheny County

- Brian Martin, Pittsburgh police sergeant

Do you know any of these witnesses or have you formed any impressions about any of the witnesses in this case?" (With respect to Mr. Peduto, in particular, the Court will clarify that

5

the jurors may know who he is, but will ascertain whether they can be fair and impartial in a case in which he is a witness).

16. "Have you ever served as a juror in a civil or criminal case, or as a member of a grand jury? (If so: "When? Was that in federal court or state court? What was the nature of the case? What was the outcome?")

17. "Do you have strong feelings about the justice system, civil or criminal, that would prevent you from reaching a fair and impartial verdict in this case?"

18. "Have you, or any member of your immediate family, been arrested or detained by law enforcement because you were suspected, accused or charged with committing a crime? This does not include a traffic offense or other minor infraction resulting in a paper citation, after which the recipient is free to go."

19. "Have you, or any member of your immediate family, ever appeared in court as a criminal defendant, or a witness on behalf of a defendant in a criminal case?" (If so: "What was the nature of the charge(s) and the ultimate outcome?")

20. "Do you have negative feelings about the Pittsburgh Police, or any other law enforcement agency, that would prevent you from reaching a fair and impartial verdict in this case?"

21. "Do you have any health-related, personal or other concerns that would prevent you from serving as an effective juror?"

22. "This trial is expected to take no more than four days. Do any of you have a significant hardship or other compelling reason that would make it impossible for you to serve on the jury?"

23. "Other than what already has been discussed, is there any other reason you believe that you cannot be a fair and impartial juror in this case?"

After these questions have been posed to the jury panel, each juror will then <u>individually</u> answer the following questions:

1. "What is your present occupation?"

2. "Who is your employer? (If you are retired, who was your last employer and what was your occupation?)"

3. "Are you married? If so, what is your spouse's occupation and who is your spouse's employer?"

4. "Do you have any adult children? Are they employed? By whom?"

5.   "Is there any other reason why you could not sit on this jury and render a fair verdict based on the evidence presented to you?"

After counsel has considered the panel's responses, the Court will have a conference, at which point challenges for cause will be entertained.  Jurors stricken for cause will be dismissed from the courtroom.  Once for-cause challenges are resolved, the parties will exercise peremptory challenges.

Of the first 13 jurors of the remaining panel, Plaintiff will have three peremptory challenges and Defendants, collectively, will have three (i.e., six total peremptory challenges).  Each peremptory challenge will be labeled, with "P-1" marking Plaintiff's first strike, "D-1" Defendants' first strike, and so on.  Plaintiff will strike first, then Defendants will strike, and strikes will alternate until all six strikes are exhausted.

Stricken jurors will be excused, and the jury will consist of the seven panel members, in numeric sequence, that remain.  If a seated juror is excused for any reason, trial will proceed with six jurors.

After the jury has been placed in the jury box, counsel will be asked if they approve of the selection process of the jury and the jury selected.

Prior to the beginning of testimony, the jury will be administered the following oath when the Judge is on the bench:

> "Do each of you solemnly swear or affirm that you will well and truly try the matters in issue now on trial, and render a true verdict, according to the law and the evidence, under the pains and penalties of perjury?"

After the entire case has been presented to the jury and before they retire for deliberations, the Courtroom Deputy will be sworn in as the Bailiff by the Law Clerk present, who will administer the following oath:

> "Do you solemnly swear to keep this jury together in some private and convenient place, and not to permit any person to speak to or communicate with them, nor to do so yourself unless by order of the court or to ask whether they have agreed on a verdict, and to return them into Court when they have so agreed, or when ordered by the Court, under the pains and penalties of perjury?"

January 13, 2025                                         s\Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States District Judge

cc (via ECF email notification):

All Counsel of Record